[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Antoine Sanks appeals from the judgment of the trial court denying his Crim.R. 32.1 motion to withdraw his guilty plea. On September 5, 2000, nineteen-year-old Sanks was indicted on one count of aggravated murder with a death-penalty specification for the death his thirteen-month-old daughter, Khyaire Irvin-Sanks. Khyaire died after Sanks had inflicted injuries to her skull and liver. On February 14, 2001, while represented by counsel, Sanks agreed to enter a guilty plea to a reduced charge of murder. As part of the plea agreement, the state was to dismiss the death-penalty specification. In compliance with Crim.R. 11, the trial court explained to Sanks the rights he was waiving by tendering a guilty plea. Sanks responded in the affirmative to all questions by the trial court about his understanding of his guilty plea and the voluntariness of the plea. The trial court informed Sanks that the sentence imposed pursuant to his plea would be a mandatory term of fifteen years to life imprisonment. Sanks' counsel informed the court that the plea arrangement had been discussed with Sanks' parents prior to Sanks entering the plea. The court then accepted the guilty plea and set the matter for a sentencing hearing on March 22, 2001.
On March 21, 2001, Sanks, through counsel, filed a motion to withdraw his guilty plea. The motion was set for hearing the next day. On March 22, 2001, Sanks withdrew his motion to withdraw the plea, explaining to the court that he had changed his mind after talking to his family and his attorneys. The court then sentenced Sanks to fifteen years to life in the Ohio Department of Corrections.
On April 5, 2001, Sanks, through counsel, filed a second motion to withdraw his guilty plea. The trial court held a hearing on the motion on April 11, 2001, when Sanks stated that he had been confused and did not feel that he could "accept a plea of being guilty of anything that I don't feel like I did." Finding no manifest injustice, the trial court overruled Sanks' motion to withdraw his guilty plea.
A defendant who wishes to withdraw his guilty plea after the imposition of sentence has the burden of establishing the existence of manifest injustice. Crim.R. 32.1; State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph one of the syllabus. "The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court." Id. at 264, 361 N.E.2d 1326. After reviewing the record in this case, we hold that the trial court did not abuse its discretion in concluding that there was no manifest injustice to warrant a withdrawal of Sanks' plea. Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.